PEOPLE *v.* BURNSIDE

LARCENY—IN A BUILDING—EVIDENCE—SUFFICIENCY.

Evidence that the defendant, charged with larceny in a building, entered the complainant's building holding a shopping bag, inquired about purchasing a car, was asked to return at 5 p.m. when the car would be there, and then left, the complainant went into his office and noticed that a portable adding machine was missing, got into his car and began cruising the streets, found the defendant walking along the way, called the defendant over to the car, opened the shopping bag, and finding the adding machine in it, made a citizen's arrest, and took the defendant to the police station, where after being advised of his rights, the defendant admitted stealing the adding machine was sufficient to support a verdict of guilty.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J.   Submitted Division 1 December 8, 1970, at Detroit.   (Docket No. 9960.)   Decided February 19, 1971.

------

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 597 *et seq.*

50 Am Jur 2d, Larceny § 151.

James A. Burnside was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J.   Defendant was charged with larceny in a building contrary to MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).   He was found guilty by the court sitting without a jury.   He was sentenced to two and one-half to four years in prison.   He appeals of right.

Defendant contends that the people have failed to prove him guilty beyond a reasonable doubt because the court should have believed him instead of the complainant and the officer (1) because no one saw him take the portable adding machine alleged to have been stolen out of the office and (2) because of his testimony that he purchased it.

Complainant testified that he was working on a car in his auto repair shop on Livernois Avenue in Detroit.   He heard the door open and thereafter observed the defendant standing in the doorway holding a shopping bag.   Defendant inquired about purchasing a used car which he had seen on the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

premises. Complainant informed him that the car was being used, but to return at 5 p.m.

Complainant went back into his office where he found that a portable adding machine was missing. He then got into his car and after cruising around he found defendant at Elmhurst and Monica Streets. He asked the defendant to come to his car, opened the shopping bag, and found the missing adding machine in the bag. He placed defendant under a citizen's arrest and took him to the 10th Precinct. There defendant was booked for larceny in a building.

Complainant further testified that the machine was valued at $75 to $85.

A sergeant of the Detroit Police Department testified that he advised the defendant of his constitutional rights. Upon questioning the defendant admitted stealing the adding machine in order to sell it and obtain some narcotics.

Upon a review of the record it cannot be said that there was reversible error. There was testimony which, if believed by the trial judge, would support a verdict of guilty beyond a reasonable doubt.

No error occurred. The decision of the court below is accordingly affirmed.

Affirmed.

All concurred.